**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISON**

**NOVELLA PROFF,**

    **Plaintiff,**

vs.                                        **CASE NO.:**

**NAVIENT SOLUTIONS, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, NOVELLA PROFF, by and through undersigned counsel, hereby sues the Defendant. NAVIENT SOLUTIONS, LLC ("NAVIENT" or "the Defendant"), and in support thereof respectfully, alleges the following:

1. The action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the Plaintiff's claims pursuant to 15 U.S.C. § 1692k.

3. Further, subject matter jurisdiction, federal question jurisdiction, and venue for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. The state claims under the FCCPA are conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as they arose from the same actions by Defendant in this case.

5. Venue is proper in this District because the Plaintiff resides in this District (Duval County),

the communications were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

7. Plaintiff NOVELLA PROFF is a "consumer" as defined in Fla. Stat. § 559.55(2).

8. Plaintiff NOVELLA PROFF is an "alleged debtor."

9. Defendant NAVIENT is a creditor operating from Reston, VA and is a "creditor" as that term is defined by Section 559.55(5).

10. Defendant NAVIENT operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). Defendant does business in Florida and in this district, collecting debts.

11. The conduct of Defendant which gives rise to the cause of action herein allegedly occurred in this District, Duval County, Florida, by the Defendant's improper attempts to collect on a debt in Duval County, Florida by coercion of the Plaintiff.

12. Plaintiff has a history of medical problems, suffering from and being treated for multiple illnesses. As a result of these issues, she has been placed on disability and still has medical debts, along with school debts she has been trying to pay off.

13. Plaintiff is an "alleged debtor."

14. Plaintiff is a "called party."  See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

15. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(6).  Defendant sought to collect a debt from Plaintiff.

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(1).

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, in Duval County, Florida, by the Defendant's placing of illegal calls to Duval County, Florida.

18. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calls to Plaintiff's Cell Phone at XXX-450-0000, Plaintiff's *across-the-street neighbor*, and Plaintiff's family.

19. Defendant called this number multiple times, despite *clear* requests from the Plaintiff to stop calling, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, and with the understanding that most of the numbers called did not even belong to the debtor on the subject account, some or all of the calls the Defendant made to Plaintiff's cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C.§ 227(a)(1) (hereinafter "autodialer calls").  Plaintiff will testify that there was a pause before a live person came on the line.

21. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number and work numbers was done after she had revoked consent *multiple times* and without the "prior expressed consent" of the Plaintiff.

22. Plaintiff NOVELLA PROFF is the regular user and carrier of the cellular telephone number

XXX-450-0000, and was a called party and recipient of Defendant's autodialer calls.

23. Defendant used an autodialer and called Plaintiff on multiple times on her cell phone after revocation for an extended period of time, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

24. The autodialer calls from Defendant came from multiple telephone numbers.

25. In June 2018, Plaintiff individually told a representative from Defendant that she revoked consent or told Defendant to stop calling her.

26. Since then, Plaintiff has told representatives from Defendant to stop calling her multiple times but the calls have continued.

27. Plaintiff received and continues to receive calls to her cell phone, as recently as April 17, 2019 at 8:20 AM.

28. Upon information and belief, Defendant Navient utilized the phone number **1-765-637-0802**, among multiple others, to contact Plaintiff.

29. Despite Plaintiff instructing the Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone kept occurring.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond, when Plaintiff first advised Defendant to stop calling her.

31. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individuals, like Plaintiff, advising Defendant to stop calling.

32. Defendant's corporate policy provided no means for the Plaintiff's cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

33. Defendant knowingly employed methods and/or has a corporate policy designed to harass

and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

34. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

35. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

36. Defendant Navient, the nation's largest student loan servicer, is well-known for its violations of the TCPA and debt collection statutes and has had multiple lawsuits filed against it around the country.

37. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

38. At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

39. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

40. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendant.

## COUNT I
### Violation of the FCCPA
### (NAVIENT)

41. Plaintiff re-alleges and fully incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42. At all times relevant to this action, Defendant is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

43. Defendant NAVIENT has contacted Plaintiff multiple times in order to abuse and harass her into paying her debts.

44. Pursuant to the FCCPA, Defendant NAVIENT violated the following:

    a. "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist," Fla. Stat. § 559.72(9);

    b. "Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7);

45. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationships, as well as with other family members.

46. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

47. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages (up to $1000.00), and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77.

48. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff, NOVELLA PROFF, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NAVIENT SOLUTIONS, LLC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violation of the TCPA
## (NAVIENT)

49. Plaintiff NOVELLA PROFF incorporates by reference paragraphs one (1) through forty (40) of this Complaint as though fully stated herein.

50. The TCPA was enacted to prevent companies like NAVIENT, from invading American citizens' privacy and prevent abusive "robo-calls."

51. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *See Mims v. Arrow Fin. Servs., LLC.*, 132 S.Ct. 740, 745 (2012).

52. "Senator Hollings, the TCPA's sponsor, describes these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." *See Mims* at 752 (*quoting* 137 Cong. Rec. 30, 821 (1991)). Senator Hollings "presumabl[y] intended to give telephone subscribers another option; telling the autodialers

to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. Ct. App. 2014).

53. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet on Consumer Protection Proposal*, FEDERAL COMMUNICATIONS COMMISSION (2016), https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal (last visited Apr 26, 2017).

54. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

55. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

56. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in June 2018, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

57. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff NOVELLA PROFF respectfully demands a trial by jury on all issues so triable and judgment against Defendant, NAVIENT SOLUTIONS, LLC., for statutory

damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated this 6th of September, 2019.

**MAX HUNTER STORY, P.A.**

**/s/ Max Story**
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esq.
Florida Bar No. 0117740
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff